UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 2:24-cv-3150-DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Raghvendra Singh is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application does not make the financial showing required by 28 U.S.C. § 1915(a). Plaintiff's IFP application is crossed out in various sections and states "N/A." ECF No. 2 at 1-2 ¶¶ 2-8. Plaintiff also states that he "is homeless, disable and sick person. Such person should not pay filing fees." *Id.* at 1. Because of Plaintiff's omissions, Plaintiff's IFP application fails to establish that he is entitled to prosecute this case without paying the required fees. Though the Court cannot make a determination whether Plaintiff qualifies for in forma pauperis status based on his current IFP application, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and meritless.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine

2

whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II.     SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### III.     THE COMPLAINT

Plaintiff's two-page Complaint alleges "dangerous and illegal prison conditions" during the time Plaintiff was in prison "from 2021 through 2024." Compl. at 1 (ECF No. 1). The Complaint alleges that "doctors refused to treat hemorrhoids resulting in pain and sufferings of Singh for years." *Id.* The Complaint further alleges "doctors in prison refused to treat Singh for many other health problems including Thyroid problem, arthritis, sleeping problems and psychiatric problems." *Id.* Plaintiff also alleges that "conditions in M Yards are dangerous. The laws require to punish prison officials for placing inmates in dangerous positions" *Id*. at 2. As a result, Plaintiff alleges there has been "continued discrimination and continued violation of laws." *Id*. at 2. For relief, Plaintiff seeks $1 million in compensatory and punitive damages. *Id.*

### IV.     DISCUSSION

#### A.     Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendants. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. Because the Complaint is unintelligible, granting leave to amend in this case would not be fruitful. In addition, Plaintiff has filed prior actions against Defendants California

4

Department of Corrections and Rehabilitation and Jeff Macomber alleging substantially similar allegations and that were dismissed for failure to state a claim. *See Singh v. California Dep't of Corr.*, 2024 WL 4382755 (E.D. Cal. Oct. 3, 2024) (recommending dismissal for failure to state a claim and identifying Plaintiff's prior complaints that were dismissed as vague, conclusory and frivolous), *report and recommendation adopted*, 2024 WL 4626222 (E.D. Cal. Oct. 30, 2024); *Singh v. California Dep't of Corr. & Rehab.*, 2025 WL 83030 (E.D. Cal. Jan. 13, 2025) (recommending dismissal for failure to state a claim and identifying Plaintiff's prior complaints that were dismissed as vague, conclusory and for lack of subject matter jurisdiction), *report and recommendation adopted*, 2025 WL 524988 (E.D. Cal. Feb. 18, 2025). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

      **B.**    **Lack of Subject Matter Jurisdiction**

The Court also lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under

5

| | |
|---|---|
| 1 | federal law or those between citizens of different states in which the alleged damages |
| 2 | exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be |
| 3 | waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter |
| 4 | jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 |
| 5 | (2012). |
| 6 | The Complaint does not establish the Court's subject matter jurisdiction. *See* |
| 7 | Compl. The Complaint states no basis for federal court jurisdiction, and none is |
| 8 | apparent. No federal cause of action is asserted against any defendant, and no federal |
| 9 | claims are suggested by the facts, to the extent the facts are discernible. The Complaint |
| 10 | also fails to establish diversity jurisdiction. Although Plaintiff is seeking $1,000,000 in |
| 11 | compensatory and punitive damages, Plaintiff does not establish complete diversity of |
| 12 | citizenship. On the face of the Complaint, all parties appear to be citizens of California. |
| 13 | Compl. at 1; *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. |
| 14 | 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs |
| 15 | must be a citizen of a different state than each of the defendants."). Because there is no |
| 16 | diversity of citizenship established here, the Court finds that it also lacks subject matter |
| 17 | jurisdiction based on diversity jurisdiction. Therefore, the Court recommends this action |
| 18 | be dismissed without leave to amend because the Court lacks subject matter jurisdiction |
| 19 | over this action. |
| 20 | **C.     Leave to Amend** |
| 21 | In light of the Complaint's deficiencies and the Court's lack of subject matter |
| 22 | jurisdiction, granting leave to amend would be futile. The Court further notes that Plaintiff |
| 23 | has filed several complaints in this district court that were dismissed for failure to state a |
| 24 | claim and/or lack of subject matter jurisdiction. *See Singh v. California Dep't of Corr*., |
| 25 | 2:24-cv-02390-TLN-JDP (PC) (E.D. Cal. 2024) (dismissed for failure to state a claim |
| 26 | without leave to amend); *Singh v. California Dep't of Corr. & Rehab*., No. 2:24-CV-3148- |
| 27 | DJC-JDP (PS) (E.D. Cal. 2025) (dismissed for failure to state a claim without leave to |
| 28 | amend); *Singh v. City of Elk Grove,* No. 2:23-cv-52-DAD-CKD (PS) (dismissed for lack of |

subject matter jurisdiction); *Singh v. Internal Revenue Services*, No. 2:23-cv-0053-KJM-AC (PS) (dismissed for failure to state a claim without leave to amend); *Singh v. City of Placerville*, No. 2:23-cv-54-DAD-KJN (PS) (dismissed for failure to state a claim without leave to amend); *Singh v. City of Elk Grove*, No. 2:23-cv-0057-TLN-CKD (PS) (dismissed for lack of subject matter jurisdiction). The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.  CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, sing3150.24